UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN M. LAVINE,

        Plaintiff,

-against-

UNITED STATES OF AMERICA,

        Defendant.
_____

**COMPLAINT**

Civil Action No.: 5:21-CV-1005 (DNH/TWD)

    Plaintiff, STEPHEN M. LAVINE, by and through his attorney, BOTTAR LAW, PLLC, complaining of the defendant, alleges as follows:

**PARTIES**

    1.    The plaintiff is a citizen of the State of New York and, at all relevant times, has resided within Onondaga County at 95 Downer Street, Baldwinsville, New York 13027.

    2.    Upon information and belief, the defendant, UNITED STATES OF AMERICA ("USA"), is the owner and/or operator of the Syracuse VA Medical Center, located at 800 Irving Avenue, Syracuse, New York 13210 ("SVAMC").

**JURISDICTION**

    3.    This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

    4.    The plaintiff complied with 28 U.S.C. §2675 by timely presenting an administrative claim to the United States Department of Health and Human Services on March 5, 2019.

    5.    Plaintiff's administrative claim was denied by letter dated March 12, 2021, and received by Bottar Law, PLLC, on March 15, 2021.

6. Upon information and belief, and at all times relevant to this complaint and specifically from March 9, 2017 through May of 2017, the plaintiff was a patient of the SVAMC, thereby creating a doctor/hospital-patient relationship.

7. Upon information and belief, and at all times relevant to this complaint, the defendant held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that it was knowledgeable, qualified and competent to treat his condition and complaints, including shortness of breath.

8. Upon information and belief, on or about March 9, 2017 through May of 2017, the defendant negligently, carelessly and without regard for the plaintiff's health and well-being, treated him in a manner which resulted in severe and permanent bodily injury from hypoxic respiratory failure and sustained pulseless cardiopulmonary arrest leading to permanent disability due to pulmonary impairment, mechanical oxygen dependency, reduced ambulation, cognitive impairment, short term memory loss, depression, multiple fractured ribs from traumatic resuscitation, numbness in both hands, and type II diabetes from steroid therapy.

9. Upon information and belief, the severe and permanent bodily injuries suffered by the plaintiff were a direct and proximate result of the carelessness, negligence, and improper care and treatment of the actual and/or ostensible officers, agents and/or employees of the SVAMA and USA in that it/they: failed to possess the degree of skill, training and care as was possessed and exercised by the average qualified members of the medical profession within their specialty; failed to keep abreast of relevant literature and appropriate methods of practice; failed to have and/or follow rules, regulations, procedures, or protocols regarding the treatment of patients presenting with shortness of breath; failed to take a proper medical history; failed to heed the medical history taken; failed to perform a comprehensive physical examination; failed to properly monitor the plaintiff's oxygen levels; failed to act on a change in status; failed to timely diagnose the cause of the plaintiff's acute exacerbation of respiratory impairment;

negligently allowed the plaintiff's respiratory impairment to deteriorate; failed to provide adequate oxygen supplementation; failed to administer appropriate medications; administered improper medications; failed to provide indicated respiratory therapy treatments; failed to timely order laboratory and diagnostic studies; failed to heed the results of laboratory and diagnostic studies ordered; negligently provided BIPAP to the plaintiff; failed to failed to timely intubate the plaintiff; improperly performed an elective intubation; negligently intubated after BIPAP; failed to establish and document and communicate a clear plan and criteria for intubation; failed to timely relay critical laboratory values; failed to have appropriate staff available to timely intubate the plaintiff; failed to timely transfer the plaintiff to the ICU; failed to prevent a cardiac arrest; failed to prevent injury from hypoxia; failed to prevent hypoxemia and hypercapnic respiratory failure; failed to properly manage hypoxemia and hypercapnic respiratory failed to properly supervise medical residents; failed to properly instruct medical residents; failed to timely consult with with attending physicians and interventions to be performed by medical residents and/or non-medical providers; failed to ensure that the plaintiff was timely evaluated by a specialist; failed to timely transfer the plaintiff to another facility for higher level care; failed to timely and properly recognize and respond to the fact that they negligently and improperly treated the plaintiff; failed to properly and adequately follow-up on the plaintiff's care so as to timely recognize and respond to damage caused by their negligent and improper care; and were otherwise negligent and committed medical malpractice under the circumstances.

10. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff has experienced conscious pain and suffering, has suffered mental anguish and distress, and has lost of enjoyment of life.

11. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff will experience

conscious pain and suffering, will suffer mental anguish and distress, and will lose enjoyment of life.

12. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff incurred medical bills and expenses.

13. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff will incur medical bills and expenses.

14. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff has lost wages and earning capacity.

15. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant, the plaintiff will lose wages and earning capacity.

**WHEREFORE**, the plaintiff hereby demands a trial of all issues so triable, together with judgment against the defendant, as follows:

(a) Awarding compensatory damages in the amount of $1,750,000;

(b) Awarding costs and disbursements of this action; and

(c) Awarding such other and further relief as the Court deems just and proper.

Dated: September 10, 2021	**BOTTAR LAW, PLLC**

_[signature]_
Samantha C. Riggi, Esq.
Bar Roll: 519304
*Attorney for Plaintiff*
120 Madison Street, Suite 1300
Syracuse, NY 13202
T: (315) 422-3466
F: (315) 422-4621
E: scr@bottarlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN M. LAVINE,

       Plaintiff,

-against-

UNITED STATES OF AMERICA,

       Defendant.

**CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-A**

Case No.: 5:21-CV-1005 (DNH/TWD)

---

STATE OF NEW YORK    )
COUNTY OF ONONDAGA  ) SS.:

    I, SAMANTHA C. RIGGI, being duly sworn, depose and say:

    I am an attorney duly licensed to practice law in the State of New York and am the attorney for the Plaintiff in this action. I have reviewed the facts of the case and have consulted with at least one physician licensed to practice medicine, and who I reasonably believe is knowledgeable in the relevant issues involved in this action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

                                                                 Samantha C. Riggi, Esq.