## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

STEPHEN M. LAVINE,

               Plaintiff,

      v.

UNITED STATES OF AMERICA,

               Defendant.

Civil Action No. 5:21-CV-1005 (DNH/TWD)

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff (meaning any persons other than the defendant signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.    The United States of America, Defendant, agrees to pay to the Plaintiff, Stephen M. Lavine, the sum of FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($480,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiff or his heirs,

executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3.     This Stipulation For Compromise Settlement And Release is not, in any way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This Settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

4.     Plaintiff and his heirs, executors, administrators, or assigns, hereby agree to accept the sum of FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($480,000.00) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which he may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any claim for wrongful death. Plaintiff and his heirs, executors, administrators or assigns hereby further agree to indemnify and hold harmless the United States of America, its agents, servants and employees from any and all such causes of action, claims, liens, rights or subrogated or contribution interest incident to or resulting from further litigation or the prosecution of claims by the Plaintiff or his heirs, executors, administrators or assigns against any third-party or against the United States, including claims for wrongful death.

2

5.      Plaintiff stipulates and agrees that he is legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. Plaintiff stipulates and agrees that he will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiff and his attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

6.      It is also agreed, by and among the parties, that the settlement sum of FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($480,000.00) represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

7.      It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered shall not exceed 25 per centum of the settlement amount.

8.      The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. By their signatures hereon, Plaintiff, and counsel for Plaintiff, certify that Stephen M. Lavine is neither an infant nor incompetent person for whom a guardian has been appointed.

9.      Payment of the settlement amount of FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($480,000.00) will be made by the Treasury Department's Judgment Fund via electronic funds transfer ("EFT") to Bottar Law's Attorney Trust Account, as per the information provided and verified by counsel for Plaintiff. Plaintiff's attorney agrees to distribute the settlement proceeds to Stephen M. Lavine and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

10.      In consideration of the payment FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($480,000.00) as set forth above, Plaintiff agrees that he will execute and file, with the Court, such documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the Court.

11.      The parties agree that this Stipulation For Compromise Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

13.     It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.


Executed this 6TH day of JANUARY, 2023.

_____
Stephen M. Lavine, Plaintiff


Executed this 11th day of January, 2023.

_____
Samantha Riggi, Esq.
Bottar Law
Attorneys for Plaintiff
120 Madison Street, Suite 1300
Syracuse, New York 13202
Bar Roll No.:


Executed this 18th day of January, 2024.

CARLA B. FREEDMAN
United States Attorney

By:     _____
Ransom P. Reynolds
Assistant United States Attorney
Bar Roll No. 512035

SO ORDERED:

Dated: <u>January 24th</u>, 202<u>4</u>

David N. Hurd
U.S. District Judge

6